# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Tooling Science, Inc.,

Case No. 16-41999
Chapter 11

Debtor.

## NOTICE OF HEARING AND MOTION FOR EXPEDITED RELIEF AND FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL ON A PRELIMINARY AND FINAL BASIS

TO:     ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:

1.      Tooling Science, Inc., a Minnesota Corporation ("Debtor"), by and through its undersigned attorneys, moves the court for the relief requested and gives notice of hearing herewith.

2.      The court will hold a <u>preliminary expedited hearing</u> on this motion at 10:00 a.m. on July 6, 2016, or as soon thereafter as counsel may be heard, in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the Honorable William J. Fisher, United States Bankruptcy Judge.

3.      The court will hold a <u>final hearing</u> on this motion at 1:30 p.m. on July 26, 2016, or as soon thereafter as counsel may be heard, in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the Honorable William J. Fisher, United States Bankruptcy Judge.  THE HEARING ON THIS MOTION OR THE PRELIMINARY MOTION MAY BE CONTINUED BY THE COURT, AT THE HEARING, WITHOUT FURTHER NOTICE TO ANY PARTY.

4.     Any response to the preliminary hearing must be filed and delivered not later than the time set forth for hearing.

5.     Any response to the final hearing must be filed and delivered not later than five business days before the time set forth for the hearing, including Saturdays, Sundays and holidays.  IF OBJECTIONS ARE NOT SERVED AND FILED IN A TIMELY MANNER, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING IN ACCORDANCE WITH LOCAL RULE 9013-2(f).

6.     The petition commencing this Chapter 11 case was filed on June 30, 2016 (the "Filing Date"), and the case is now pending before this court.

7.     This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 4001, 5005, and Part IX of the Local Rules.  This motion is filed under Bankruptcy Rule 4001(b) and Local Rule 4001-2.  This proceeding arises under 11 U.S.C. § 363.

8.     Movant requests the following relief:

(a)     For a preliminary and final order allowing Debtor to use cash collateral as defined in 11 U.S.C. § 363 in the Bankruptcy Code.

(b)     For an order granting Debtor the right to a preliminary hearing for the use of cash collateral on an expedited basis.

(c)     For such other and further relief as the court deems just and equitable.

9.     The creditors with purported liens in cash collateral are set forth on Exhibit B, with the amount of the debt and collateral relating to each.  Per that exhibit:  MidwestOne Bank

has a first position blanket lien on all of the assets of the Debtor, including cash collateral assets. In addition, Brian Burley, Dennis Vlasak and Terry Back have all filed UCC-1s for loans they have given to the Debtor. All of these individuals are officers and insiders of the Company.

10.    Each of the secured creditors with a lien on cash collateral is hereafter referred to as the "Cash Collateral Creditors." The Cash Collateral Creditors are oversecured as of the filing date.

11.    As of the Filing Date, the Debtor has cash collateral assets with a value of approximately $423,000 (consisting of cash, inventory and accounts receivable). The Debtor projects that the value of cash collateral, as of July 6, 2016 (the preliminary hearing date) will be approximately $527,475, and as of July 26, 2016 (the final hearing date) will be $590,650.

12.    As required by Local Rule 4001-2, attached hereto are (i) a liquidation analysis (Exhibit A), (ii) a verified schedule of debt secured by collateral (Exhibit B), (iii) a projected cash flow statement through December 31, 2016 (Exhibit C), and (iv) a budget of expenditures of the company, pending final hearing on approval of the use of cash collateral (Exhibit D) that need to be expended to avoid immediate and irreparable harm to the estate.

13.    Exhibit C provides a description of the collateral and its approximate value at the end of the period for which Debtor seeks authorization to use cash collateral.

14.    By reason of the foregoing, and based upon the projected values and the cash flow projection, the position of the creditors who hold a lien in cash collateral including cash, accounts receivable and inventory (those items turned into cash in the orderly course of business), remains stable and even increases in value.

15.    Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations, including purchases, insurance, utilities, payroll, and

payroll taxes and rent.  Debtor shall be able to operate, on a cash basis, and believes that it will be able to obtain a confirmed plan and a reorganization in accordance with existing rules and statutes.

16.     As and for adequate protection, Debtor proposes that it be authorized to grant to the Cash Collateral Creditor (and all creditors having a lien in cash collateral), a replacement lien or a security interest in any new assets, materials and accounts receivable, generated from the use of cash collateral, with the same priority, dignity, and validity of prepetition liens or security interests.  Specifically, the Debtor proposes granting a replacement lien to the Cash Collateral Creditors to the extent that it protects them against diminution of the value of their collateral as it existed at the time of the commencement of this proceeding.

17.     As additional adequate protection, Debtor proposes (1) to maintain insurance on all of the property in which the Cash Collateral Creditor (and all other secured creditors) claim a security interest; (2) to pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (3) provide the Cash Collateral Creditor (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and the Debtor's business records; and (4) all cash proceeds and income of the Debtor will be deposited into a Debtor in Possession Account  (i.e., the "DIP" account).

18.     Debtor believes it can operate in Chapter 11, and can, within a reasonable time period, propose and confirm a plan of reorganization through the use of the advantages of Chapter 11, including the use of §1129 of the Bankruptcy Code, and other sections.

19.     The reason for the request for expedited hearing is that Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations,

including purchases, insurance, utilities, payroll, and payroll taxes. The disruption of its operations would cause irreparable damage to the Debtor.

20. Debtor has given notice by fax, email and U. S. mail (as set forth in the affidavit of service) of this motion to parties in interest specified in Local Rule 9013-3. The Debtor requests that the court find under the circumstances that the notice given was adequate and expedited hearing is appropriate.

21. Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary at either the preliminary or final hearing on this matter, Debtor reserves the right to call the following witness(es):

    a) Mr. Brian Burley
       President of the Debtor

    b) Other employee or agent of Tooling Science, Inc.

    c) Mel Enger, CPA.

22. This motion is further supported by a memorandum of law, attached hereto and incorporated by reference herein.

WHEREFORE, Debtor prays for an order of the court as follows:

1. Granting Debtor a hearing on its expedited motion.

2. Authorizing the Debtor to continue to use cash collateral within the provisions of Section 363, until the final hearing.

3. Authorizing the Debtor to grant to the Cash Collateral Creditors (and any other entity holding a lien in cash collateral) as and for adequate protection of its secured interest, the right to a replacement lien and post-petition security interest, to the same validity, priority, and extent of its security interest held prepetition, in any and all new cash collateral including new inventory receivables of Debtor. Such replacement lien will secure it against diminution of the value of its collateral, as it existed as of the commencement of this case.

4.       Granting such other further protections as the court deems reasonable, so as to adequately protect the secured creditors' position, and allow the Debtor to use cash collateral in the ordinary course of business.

5.       For such other and further relief as the court may deem just and equitable.

Respectfully submitted,


Dated:  July 1, 2016                    /e/ Thomas J. Flynn
                                        Thomas J. Flynn (30570)
                                        Larkin Hoffman Daly & Lindgren Ltd.
                                        8300 Norman Center Drive, Ste. 1000
                                        Minneapolis, Minnesota  55437-1060
                                        952-835-3800
                                        tflynn@larkinhoffman.com
                                        Attorneys for Debtor

4845-9632-7717, v.  1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Tooling Science, Inc.,

Case No. 16-41999
Chapter 11

                Debtor.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF
AND FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL
ON A PRELIMINARY AND FINAL BASIS**

---

Tooling Science, Inc. the above-referenced debtor (the "Debtor"), by and through its attorneys, submits this memorandum of law in support of its motion for expedited relief and for an order authorizing use of cash collateral pending a final hearing and its motion for an order authorizing the use of cash collateral. The petition commencing this Chapter 11 case was filed on June 30, 2016 (the "Filing Date").

Section 363 of the Bankruptcy Code prohibits a debtor from using cash collateral without the consent of the secured party having an interest in such collateral or court order. Such an order can be entered if the debtor offers adequate protection to the party or parties with a secured interest, in cash collateral.

The Debtor runs a machine and tooling business in Maple Grove, Minnesota. The company has approximately 75 full and part-time employees, and has annual sales of approximately $5,000,000.

In this case, Debtor has cash collateral assets with a value of approximately $423,000 as of the Filing Date (consisting of cash, inventory and net receivables). The value of those assets as of July 6, 2016 (the preliminary hearing date) is projected to be approximately $527,000, and

as of July 26, 2016 (the final hearing date) the value is projected to be $590,000.  The value of the Cash Collateral will at all times be in excess of the value of such collateral as of the Filing Date.

The exhibits A, B and C, included herewith, show that the secured creditors' positions (as more thoroughly set forth below) will not be harmed by continued operations during the period that Debtor requests use of cash collateral.

MidwestOne Bank ("MidwestOne") holds a first position blanket security interest in all of the cash collateral, as well as all personal property and assets of the Debtor (with subordinate blanket liens held by three company shareholders).  (See Exhibit B)  The amount due MidwestOne is approximately $1,550,000.  The amount due the second position secured creditor is $50,000.  Both are oversecured as of the Filing Date.

The motion assumes that the Cash Collateral Creditors are properly perfected; however, the Debtor has not had the time to determine whether the Cash Collateral Creditors' interest in Cash Collateral is perfected or whether the documents purportedly collateralizing the Cash Collateral Creditor's loans with the Debtor's assets are legally sufficient. The value owned by the Debtor of all of the collateral securing the claims of the Cash Collateral Creditors is approximately $1,688,000 (at liquidation).  The Debtor need only show that it will be able to maintain the value of the cash collateral in order to be allowed the use of cash. See United Savings Assoc. v. Timbers of Linwood Forest, 108 S. Ct. 626 (1988).  Here, Debtor can maintain the value of collateral.

It is proposed that the Cash Collateral Creditors receive a replacement liens in the assets of the Debtor, and that by virtue thereof, it is adequately protected in this case.  The grant of such lien will be to the same extent, priority and dignity of any lien it had or may have had prepetition.

Furthermore, the replacement lien will be enforceable post-petition, only to the extent necessary to protect the interests of the Cash Collateral Creditor against the diminution of value of the pre-petition collateral as of the time of filing of the case.  In addition, the Debtor will otherwise preserve the value of the cash collateral, and all other collateral, during the pending of this case, as more fully set forth in the motion.

Cash flow projections filed with this motion indicate Debtor will be able to maintain the status quo and improve its condition on a cash basis through December, 2016.  The secured parties' interests, therefore, are adequately protected.

This memorandum is submitted in support of Debtor's motion for an order authorizing it to use cash collateral on a temporary basis subject to a final hearing required by Bankruptcy Rule 4001(b).

Respectfully submitted,


Dated:  July 1, 2016                    */e/ Thomas J. Flynn*
                                        Thomas J. Flynn (30570)
                                        Larkin Hoffman Daly & Lindgren Ltd.
                                        8300 Norman Center Drive, Ste. 1000
                                        Minneapolis, Minnesota  55437-1060
                                        952-835-3800
                                        tflynn@larkinhoffman.com
                                        Attorneys for Debtor

4845-9632-7717, v.  1

# Exhibit A
# TOOLING SCIENCE, INC.
# Liquidation Analysis

| | Assets | Book Value | Liquidation Value |
|---|---|---|---|
| (1) | Cash | | $3,000.00 |
| (2) | A/R | | $400,000.00 |
| (3) | Inventory | | $20,000.00 |
| (4) | Machinery/Equipment | | |
| | (i) Machinery | $1,250,000.00 | |
| | (ii) Vehicles | 5,000.00 | |
| | (iii) Furniture, computers, etc. | 10,000.00 | |
| | Total Machinery/Equipment | | $1,265,000.00 |
| | TOTAL ASSETS | | 1,688,000.00 |

LESS:

Secured Debt:
- MidwestOne Bank     $1,550,000.00
- Dennis Vlasak     50,000.00

Total Secured Debt:     $1,600,000.00

Priority Debt

- Accrued ins, executory contract, utilities,etc     50,000.00
- Priority wages     50,000.00

Total Priority Debt     $100,000.00

TOTAL DEBT     $1,700,000.00

**TOTAL AVAILABLE FOR UNSECURED CREDITORS**     $ 0

**TOTAL GENERAL UNSECURED DEBT**     $ 866,000.00

**% PAID TO UNSECURED CREDITORS**     **0%**

# Exhibit B
# Secured Lenders

| Lender | Amount Due* | Collateral |
|---|---|---|
| MidwestOne Bank (first position lien) | $1,550,000.00 | Blanket lien |
| Brian Burley | $0.00 | Blanket lien |
| Dennis Vlasak | $50,000.00 | Blanket lien |
| Terry Back | $0.00 | Blanket lien |

*Amounts given are approximate

# Exhibit C
# Cash Flow Projections

## TOOLING SCIENCE, INC.
## WORKING CAPITAL CASH FLOW
## PROJECTED JULY-DECEMBER 2016

| DESCRIPTION | 7/1/2016 | 7/8/2016 | 7/15/2016 | 7/22/2016 | 7/29/2016 | 8/5/2016 | 8/12/2016 | 8/19/2016 | 8/26/2016 | SEPT | OCT | NOV | DEC | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | PROJECTIONS | | | | | | | | |
| **CASH SOURCES** | | | | | | | | | | | | | | |
| Current AR | $ 50,000 | $ 50,000 | $ 75,000 | $ 75,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ - | $ - | $ - | $ | 400,000 |
| **WIP** | | | | | | | | | | | | | | $ |
| Progress/final billing | 25,000 | 25,000 | 25,000 | 50,000 | 75,000 | 75,000 | 75,000 | 75,000 | 200,000 | 150,000 | 100,000 | 50,000 | $ | 925,000 |
| **New Work** | | | | | | | | | | | | | | |
| Down payments | | | | | 50,000 | 50,000 | 50,000 | 50,000 | 150,000 | 150,000 | 150,000 | 200,000 | $ | 850,000 |
| Progress/final billing | | | | | | | | | | 150,000 | 150,000 | 150,000 | $ | 450,000 |
| Shareholder Loan | 50,000 | | 50,000 | 50,000 | | - | - | - | - | | | - | $ | 150,000 |
| **TOTAL CASH SOURCES** | 125,000 | 75,000 | 150,000 | 175,000 | 155,000 | 155,000 | 155,000 | 155,000 | 380,000 | 450,000 | 400,000 | 400,000 | $ | 2,775,000 |
| | | | | | | | | | | | | | $ | - |
| **USES OF CASH** | | | | | | | | | | | | | $ | - |
| Staffing Expenses | | | | | | | | | | | | | $ | - |
| Salaries and Wages | 48,000 | 43,000 | 43,000 | 43,000 | 43,000 | 43,000 | 43,000 | 43,000 | 185,000 | 185,000 | 185,000 | 185,000 | $ | 1,089,000 |
| Payroll Taxes | 3,800 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 14,800 | 14,800 | 14,800 | 14,800 | $ | 86,800 |
| Benefits | - | - | - | 19,000 | - | - | - | 19,000 | 19,000 | 19,000 | 19,000 | 19,000 | $ | 114,000 |
| Manufacturing Expenses | | | | | | | | | | | | | $ | - |
| Materials and O/S Purchases | 25,000 | 25,000 | 25,000 | 25,000 | 35,000 | 35,000 | 35,000 | 35,000 | 130,000 | 130,000 | 130,000 | 130,000 | $ | 760,000 |
| W/C Insurance | - | - | - | 4,700 | - | - | - | - | 4,700 | 4,700 | 4,700 | 4,700 | $ | 23,500 |
| Rent | 3,800 | - | - | 5,500 | - | 3,800 | - | - | 9,300 | 9,300 | 9,300 | 9,300 | $ | 50,300 |
| Utilities | - | - | - | 10,100 | - | - | - | 10,100 | 10,100 | 10,100 | 10,100 | 10,100 | $ | 60,600 |
| Property Taxes | - | - | - | - | - | - | - | - | - | 29,800 | - | - | $ | 29,800 |
| R & M - Equipment | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 6,000 | 4,800 | 4,800 | 6,000 | $ | 31,200 |
| R & M - Bldg | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 6,000 | 4,800 | 4,800 | 6,000 | $ | 31,200 |
| Supplies | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 12,500 | 10,000 | 10,000 | 12,500 | $ | 65,000 |
| Misc. | - | 550 | | | | | | 550 | | 550 | 550 | 550 | $ | 3,300 |
| Selling/G&A Expenses | | | | | | | | | | | | | $ | - |
| Insurance - General | | | | | | | | | | | | | $ | - |
| Consulting Fees | 5,000 | - | 5,000 | - | 5,000 | - | - | - | 5,000 | 5,000 | 5,000 | 5,000 | $ | 35,000 |
| Legal Fees | - | - | - | - | - | - | - | - | 5,000 | 5,000 | 5,000 | 5,000 | $ | 20,000 |
| Computer Expenses | 975 | 975 | 975 | 3,475 | 975 | 975 | 3,675 | 975 | 7,375 | 6,400 | 6,600 | 7,375 | $ | 40,800 |
| Vehicle Expenses | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 2,000 | 1,600 | 1,600 | 2,000 | $ | 10,400 |
| Commissions | - | 6,000 | - | - | - | - | 3,700 | - | 5,100 | 19,000 | 6,200 | - | $ | 40,000 |
| Advertising & Promotion | | | | | | | | | | | | | $ | - |
| Office Supplies | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 500 | 400 | 400 | 500 | $ | 2,600 |
| Telephone/Internet | 650 | 0 | 550 | 0 | 0 | 650 | 550 | 0 | 1200 | 1200 | 1200 | 1200 | $ | 7,200 |
| Life Insurance | 2,500 | 2,300 | 500 | 1,750 | 2,500 | 2,300 | 500 | 1,750 | 7,000 | 7,000 | 7,000 | 7,000 | $ | 42,100 |
| Interest on debt | 200 | | 2,500 | 2,500 | | 200 | 2,500 | 2,500 | 5,000 | 5,000 | 5,000 | 5,000 | $ | 30,400 |
| Misc | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 1,000 | 800 | 800 | 1,000 | $ | 5,200 |
| **TOTAL USES OF CASH** | 95,525 | 86,825 | 86,525 | 124,025 | 95,475 | 94,925 | 98,475 | 121,325 | 437,125 | 474,250 | 431,850 | 432,025 | $ | 2,578,400 |
| **CASH IN OVER/(UNDER) CASH USE** | $ - | $ 29,475 | $ (11,825) | $ 63,475 | $ 50,975 | $ 59,525 | $ 60,075 | $ 56,525 | $ 33,675 | $ (57,125) | $ (24,250) | $ (31,850) | $ (32,025) | |
| **CASH BALANCE** | 3,000 | 32,475 | 20,650 | 84,125 | 135,100 | 194,625 | 254,700 | 311,225 | 344,900 | 287,775 | 263,525 | 231,675 | 199,650 | |
| AR BALANCE NET | 400,000 | 475,000 | 550,000 | 600,000 | 600,000 | 600,000 | 600,000 | 600,000 | 600,000 | 600,000 | 600,000 | 600,000 | 600,000 | |
| RAW MATERIAL INVENTORY | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | |
| **TOTAL WORKING CAPITAL** | 423,000 | 527,475 | 590,650 | 704,125 | 755,100 | 814,625 | 874,700 | 931,225 | 964,900 | 907,775 | 883,525 | 851,675 | 819,650 | |

ASSUMPTIONS

CURRENT AR BALANCE COLLECTIONS ESTIMATED ON PRIOR PAYMENT HISTORY
WIP SALES VALUE $1,553,598 WHICH INCLUDE $552,810 DOWN PAYMENTS AND UNINVOICED FINAL PAYMENTS OF $1,000,788
WIP COLLECTIONS ESTIMATED BASED ON 45 DAYS AVERAGE DAYS TO PAY
NEW WORK DOWN PAYMENTS OF $43,000 ON 6-24-16 AND $71,875 ON 8-5-16 BASED ON ACTUAL ORDERS RECEIVED AFTER 6-20-16 BUT PRIOR TO 6-24-16
NEW WORK REMAINING DOWN PAYMENTS ARE ESTIMATED AT 50% OF $97,000 WEEKLY SALES OR $5,040,000 ANNUAL SALES
NEW WORK DOWN PAYMENTS CASH RECEIPTS ESTIMATED TO BE RECEIVED 30 DAYS ARO
PO'S ESTIMATED AT $420,000/MO
DOWN PMT OF 50% CASH RECEIVED WITHIN 30 DAYS FOLLOWING ORDER
PROJECT LENGTH ESTIMATED AT 10 WEEKS
PROGRESS/FINAL BILLING CASH RECEIVED WITHIN 30 DAYS OF PROJECT COMPLETION
PAYROLL INCLUDES VACATION PAYOUTS ON 6-24-16 AND 7-1-16 FOR $12,000 AND ON 8-19-16 AND IN NOVEMBER FOR $3,000
PAYROLL TAXES ESTIMATED AT 8% OF GROSS WAGES
BENEFITS ARE RECORDED AS PAYMENTS MADE TO VENDOR LESS EMPLOYEE PORTION
BENEFITS ESTIMATED AT 8.3% OF GROSS WAGES
ESTIMATED MATERIAL COST FOR WIP JOBS ALREADY IN PROGRESS ARE ADDED TO MATERIAL COSTS FOR FUTURE JOBS
ESTIMATED MATERIAL COSTS FOR FUTURE JOBS ARE 27.5% OF FORECASTED SALES AMOUNT
WORKERS COMP EXPENSE IS REPORTED AS ACTUAL BILLED AMOUNTS
RENT EXPENSE ESTIMATED AS P&I ON THE 1ST OF THE MONTH AND LIFE INS. PREMIUMS ON THE 15TH OF THE MONTH
UTILITIES PAID LAST WEEK OF THE MONTH ESTIMATED AT AVERAGE OF PRIOR 5 MONTHS
PROPERTY TAXES - 2ND HALF DUE IN THE MIDDLE OF OCTOBER
R & M EQUIPMENT EXPENSE ESTIMATED AT AVERAGE PRIOR 5 MONTHS LESS SIGNIFICANT MACHINE REPAIR COSTS
MANUFACTURING AND SHOP SUPPLIES ARE ESTIMATED AT 2.5% OF SALES AMOUNT
MISC MANUFACTURING INCLUDES SALES AND USE TAX EXPENSE PAID ON THE 20TH OF EACH MONTH
GENERAL INSURANCE WAS PREPAID IN JANUARY 2016
COMPUTER EXPENSES INCLUDES ESTIMATED AT AVERAGE PRIOR 5 MONTHS AND A QUARTERLY PAYMENTS PAID TO CONTINUE SOFTWARE MAINTENANCEOF $2,500, $2,700 AND $3,500 IN JULY, AUGUST, OCTOBER, NOVEMBER AND DECEMBER.
VEHICLE EXPENSES ESTIMATED AT AVERAGE PRIOR 5 MONTHS
COMMISSION ESTIMATED AT 7.5% FOR NEW CUSTOMER TOOLING THE FIRST YEAR AND $0 FOR UNQUOTED FORECASTED ORDERS
TELEPHONE AND INTERNET INCLUDES VERIZON AND COMCAST CONTRACT BILLINGS PAID MONTHLY
LIFE INSURANCE EXPENSES ARE ACTUAL CONTRACTED PREMIUM COSTS
INTEREST EXPENSE IS RECORDED AS ACTUAL ON LONG TERM AND LINE OF CREDIT PRINCIPLE
NO PRINCIPLE PAYMENTS ON LONG TERM DEBT OR LINE OF CREDIT
G & A MISC EXPENSE INCLUDES WEEKLY PAYROLL PROCESS FEE OF $135 AND ESTIMATED OTHER COSTS OF $65
AR BALANCE INCREASES ARE BASED ON WIP THROUGH 1ST WEEK OF SEPTEMBER AND ESTIMATED NEW ORDERS THROUGH THE BALANCE OF THE YEAR

# Exhibit D
# Budget Pending Final Hearing

4845-9632-7717, v. 1

**TOOLING SCIENCE, INC.**
**USE OF CASH COLLATERAL BUDGET**
**THROUGH 7/26/2016**

| DESCRIPTION | 7/1/2016 | 7/8/2016 | 7/15/2016 | 7/22/2016 | | |
|---|---|---|---|---|---|---|
| | | | **PROJECTIONS** | | | |
| **CASH SOURCES** | | | | | | |
| Current AR | $ | 50,000 | $ 50,000 | $ 75,000 | $ | 175,000 |
| | | | | | $ | - |
| **WIP** | | | | | $ | - |
| Progress/final billing | | 25,000 | 25,000 | 25,000 | $ | 75,000 |
| | | | | | $ | - |
| **New Work** | | | | | $ | - |
| Down payments | | | | | $ | - |
| Progress/final billing | | | | | $ | - |
| | | | | | $ | - |
| **Shareholder Loans** | | 50,000 | - | 50,000 | $ | 100,000 |
| | | | | | $ | - |
| **TOTAL CASH SOURCES** | | 125,000 | 75,000 | 150,000 | $ | 350,000 |
| | | | | | $ | - |
| | | | | | $ | - |
| **USES OF CASH COLLATERAL** | | | | | $ | - |
| Staffing Expenses | | | | | $ | - |
| Salaries and Wages | | 48,000 | 43,000 | 43,000 | $ | 134,000 |
| Payroll Taxes | | 3,800 | 3,400 | 3,400 | $ | 10,600 |
| Benefits | | - | - | - | $ | - |
| | | | | | $ | - |
| Manufacturing Expenses | | | | | $ | - |
| Materials and O/S Purchases | | 25,000 | 25,000 | 25,000 | $ | 75,000 |
| Utilities | | 10,100 | - | - | $ | 10,100 |
| R & M - Equipment | | 1,200 | 1,200 | 1,200 | $ | 3,600 |
| R & M - Bldg | | 1,200 | 1,200 | 1,200 | $ | 3,600 |
| Supplies | | 2,500 | 2,500 | 2,500 | $ | 7,500 |
| Misc. | | - | 550 | - | $ | 550 |
| | | | | | $ | - |
| Selling/G&A Expenses | | | | | $ | - |
| Insurance - General | | - | - | - | $ | - |
| Computer Expenses | | 975 | 975 | 975 | $ | 2,925 |
| Vehicle Expenses | | 400 | 400 | 400 | $ | 1,200 |
| Advertising & Promotion | | - | - | - | $ | - |
| Office Supplies | | 100 | 100 | 100 | $ | 300 |
| Telephone/Internet | | 650 | 0 | 550 | $ | 1,200 |
| Life Insurance | | 2,500 | 2,300 | 500 | $ | 5,300 |
| Interest on debt | | 200 | | 2,500 | $ | 2,700 |
| Misc | | 200 | 200 | 200 | $ | 600 |
| | | | | | $ | - |
| **TOTAL USES OF CASH** | | 96,825 | 80,825 | 81,525 | $ | 259,175 |

**VERIFICATION**

The undersigned, who is the President of the Debtor, hereby declares under penalty of perjury that the facts set forth in the Motion for Expedited Relief and for an Order Authorizing the Use of Cash Collateral on a Preliminary and Final Basis, and the Memorandum in support of the motion, and the exhibits thereto are correct to the best of his knowledge and belief.

Date: _____July 1_____, 2016

_____
Brian Burley
President

4845-9632-7717, v. 1

1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re:

Tooling Science, Inc.

Debtor.

Bky. No. 16-41999
Chapter 11 Case

**SEPARATE VERIFICATION OF CASH
COLLATERAL AND EXHIBITS
PURSUANT TO LOCAL RULE 4001-2(a)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to Local Rule 4001-2(a) the undersigned hereby states under penalty of perjury that he is the President of the Debtor, that he has firsthand knowledge of the facts stated in the Notice of Motion and Exhibits A- D  attached to the pending motion for use of cash collateral by the Debtor and that the facts set forth therein are true and correct, to the best of his knowledge.

Date: __July 1, 2016_____

Brian Burley, President

4845-9632-7717, v. 1

1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                  Case No. 16-41999
                                        Chapter 11
Tooling Science, Inc.,

                    Debtor.

## CERTIFICATE OF SERVICE

I, Thomas J. Flynn, under penalty of perjury, hereby declare that on July 1, 2016, in

connection with the above-referenced matter, the following documents:

1. Notice of Hearing and Motion for Expedited Relief on a Preliminary and Final Basis and for an Order Authorizing Use of Cash Collateral;
2. Memorandum of Law in Support of Motion;
3. Exhibits A-D;
4. Verification of Brian Burley;
5. Separate Verification of Cash Collateral Exhibits;
6. Certificate of Service; and
7. Order for Use of Cash Collateral Pending Final Hearing

were filed with the Clerk of Court via ECF, and served on the parties listed on the attached

service list by the means indicated.

Dated: July 1, 2016            */e/ Thomas J. Flynn*_____
                               Thomas J. Flynn

4845-9632-7717, v. 1

**Tooling Science, Inc.**
**Chapter 11 Bankruptcy**
**Case No. 16-41999**

**SERVICE LIST**

| | |
|---|---|
| Tooling Science, Inc.<br>Attn: Brian Burley, President<br>9424 Deerwood Lane N.<br>Maple Grove, MN 55369<br>VIA US MAIL AND FAX<br>Fax: 763-426-6506 | US Trustee Office<br>Attn: Michael Fadlovice<br>300 S. 4th Street, Suite 1015<br>Minneapolis, MN 55414<br>VIA US MAIL and EMAIL/ECF<br>michael.fadlovich@usdoj.gov<br>Ustregion12mn.ecf@usdoj.gov |
| United States Attorney<br>600 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>VIA U.S. MAIL AND FAX<br>Fax: 612-664-5788 | Internal Revenue Service<br>STOP 5700<br>30 East Seventh Street<br>St. Paul, MN 55101<br>VIA U.S. MAIL AND FAX<br>Fax: 651-312-7970 |
| IRS District Counsel<br>650 Galtier Plaza<br>380 Jackson Street<br>St. Paul, MN 55101<br>VIA U.S. MAIL AND FAX<br>Fax: 651-726-7360 | Minnesota Dept. of Revenue<br>Bankruptcy Section<br>600 North Robert Street<br>P.O. Box 64447<br>St. Paul, MN 55164-0447<br>VIA U.S. MAIL AND FAX<br>Fax: 651-282-2817 |
| IRS Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>VIA U.S. MAIL AND FAX<br>Fax: 267-941-1015 | Mold Supplies, Inc.<br>Attn: Joan Geary<br>2305 Richfield Pkwy<br>Richfield, WI 53076<br>VIA U.S. MAIL AND FAX<br>Fax: 800-245-9523 |
| Bohler-Uddeholm Corp<br>Attn: Jessica Barnes<br>1058 National Parkway<br>Schaumburg, IL 60173<br>VIA U.S. MAIL AND FAX<br>Fax: 630-883-3111 | Sturdell Industries<br>Attn: Amay Arva<br>1529 Lyell Ave<br>Rochester, NY 14606<br>VIA U.S. MAIL AND FAX<br>Fax: 585-464-9713 |
| EDM Sales & Supplies<br>Attn: Sheila Wentland<br>11650 – 96th Ave N.<br>Maple Grove, MN 55369<br>VIA U.S. MAIL AND FAX<br>Fax: 763-424-9460 | Highland Bank<br>Attn: Credit<br>PO Box 790408<br>St. Louis, MO 63179-0408<br>VIA U.S. MAIL AND FAX<br>Fax: 513-277-5938 |
| Vincent Tool Technologies Corp<br>Attn: Chelsey Mayer<br>4197 – 123rd Street<br>Chippewa Falls, WI 54729<br>VIA U.S. MAIL AND EMAIL<br>EMAIL: cmayer@vincenttool.com | Metal Treaters, Inc.<br>Attn: Katie Brinker<br>859 North Prior Avenue<br>St. Paul, MN 55104<br>VIA U.S. MAIL AND FAX<br>Fax: 651-646-7705 |

| | |
|---|---|
| Schmolz & Bickenbach<br>Attn: Christine Sudeikis<br>365 Village Drive<br>Carol Stream, IL 60188<br>VIA U.S. MAIL AND FAX<br>Fax: 630-682-4587 | St. Paul Engraving<br>Attn: John Seiberlich<br>6150 Field Stone Court<br>Stacy, MN 55079<br>VIA U.S. MAIL AND FAX<br>Fax: 651-462-9343 |
| Anoco Metal Services, Inc.<br>Attn: Tara Zincke<br>1105 – 19th Ave. S.<br>Princeton, MN 55371<br>VIA U.S. MAIL AND FAX<br>Fax: 763-788-2557 | Hire Authority, LLC<br>Attn: Lisa Oakley<br>PO Box 13188<br>Milwaukee, WI 53213-0188<br>VIA U.S. MAIL AND FAX<br>Fax: 651-483-8205 |
| Yudo, Inc.<br>Attn: Amanda Schultz<br>33875 Capitol Street<br>Livonia, MI 48150<br>VIA U.S. MAIL AND FAX<br>Fax: 734-744-8123 | Carlson Advisors, LLP<br>Attn: Julie Voight<br>7101 Northland Circle, Suite 123<br>Minneapolis, MN 55428<br>VIA U.S. MAIL AND FAX<br>Fax: 763-535-8154 |
| Micro-Weld, Inc.<br>Attn: Denise Klosterman<br>10550 County Rd. 81, Ste. 109<br>Maple Grove, MN 55369<br>VIA U.S. MAIL AND FAX<br>Fax: 763-425-8815 | Aerotek Commercial Staffing<br>Attn: Taylor Drayer<br>PO Box 198531<br>Atlanta, GA 30384-8531<br>VIA U.S. MAIL AND EMAIL<br>EMAIL: tdraayer@aerotek.com |
| M&M Polishing, Inc.<br>Attn: Mark Molitor<br>24439 Typo Creek Drive<br>Stacy, MN 55079<br>VIA U.S. MAIL AND FAX<br>Fax: 651-462-5302 | Incoe<br>Attn: Cindy Hackerd<br>1740 E. Maple Road<br>Troy, MI 48083<br>VIA U.S. MAIL AND FAX<br>Fax: 248-556-7753 |
| Orrock Direct Industrial Courier, Inc.<br>Attn: Kurt Orrock<br>12161 – 197th Ct. NW<br>Elk River, MN 55330<br>VIA U.S. MAIL AND FAX<br>Fax: 763-241-9510 | MSC Industrial Supply<br>Attn: Kenyetta Futch<br>75 Maxess Road<br>Melville, NY 11747-0000<br>VIA U.S. MAIL AND FAX<br>Fax: 800-255-5067 |
| DME Company<br>Attn: Balamurugan Sakthivel<br>29111 Stephenson Highway<br>Madison Heights, MI 48071<br>VIA U.S. MAIL AND FAX<br>Fax: 888-808-4363 | |

4845-9632-7717, v. 1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                              Case No. 16-41999
                                                    Chapter 11
Tooling Science, Inc.,

                          Debtor.

## ORDER FOR USE OF CASH COLLATERAL PENDING FINAL HEARING

The Debtor's expedited motion for an order authorizing the use of cash collateral pending a final hearing came on for a hearing on July 6, 2016, before the Honorable William J. Fisher, United States Bankruptcy Judge. Appearances, if any, are noted on the record.

Based on the motion and supporting documents submitted by the Debtor for Use of Cash Collateral, and the files and records herein.

IT IS HEREBY ORDERED:

1.      Pending the final hearing, the Debtor is authorized to use cash collateral to the extent set forth on Exhibit D to Debtor's motion as modified in an amount no greater than $259,175.

2.      All banks, lenders or depository institutions used by the Debtor are directed and authorized to release and return to Debtor all of Debtor's cash collateral and deposits, including any cash, credit card payments, accounts receivable and all checks received prior to the filing date (even if they have not yet cleared), and all other cash collateral received before, on or after the filing date; and allow Debtor access to its cash and receivables in order that Debtor can use its funds in the normal course of business, and give the Debtor an accounting of the same.

3.      For purposes of adequate protection, and only to the extent of cash collateral used, the Debtor is authorized to grant any creditor having an interest in cash collateral a replacement lien in the Debtor's post-petition assets of the same type and nature as subject to the pre-petition liens. Such liens shall have the same priority and effect as the such lien creditors held on the pre-petition property of the Debtor, and are granted only to the extent of the diminution in value of such creditors' interest in pre-petition collateral.

4.      As additional adequate protection, Debtor shall (a) maintain insurance on all of the property in which any secured creditor having a lien in Cash Collateral (and all other secured creditors) claims a security interest; (b) pay all post-petition federal and state taxes, including

1

timely deposit of payroll taxes; (c) provide the Cash Collateral Creditors (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and the Debtor's business records; and (d) deposit all cash proceeds and income into a Debtor in Possession Account ("DIP" account).

5.    The replacement liens of the secured creditors are deemed properly perfected without any further act or deed on the part of the Debtor or the creditor.

6.    A final hearing on the Debtor's motion will be held on July 26, 2016, at 1:30 p.m. in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the Honorable William J. Fisher, United States Bankruptcy Judge.  Any objection to the motion shall be filed and served or delivered prior to the final hearing in accordance with Local Rule 9006-1.

7.    Entry of this order is without prejudice to the rights of any party-in-interest to dispute the validity, priority and effect of any security interest granted to any creditor claiming an interest in cash collateral.


Dated:                                          _____

                                                William J. Fisher
                                                United States Bankruptcy Judge


4821-3702-6611, v.  1