UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Case No. 16-41999
 Chapter 11
Tooling Science, Inc.,

 Debtor. **FINAL ORDER FOR USE
 OF CASH COLLATERAL**

The Debtor's motion for a final order authorizing the use of cash collateral came on for hearing on July 26, 2016, before the Honorable William J. Fisher, United States Bankruptcy Judge.

Based on the motion and supporting documents submitted by the Debtor for Use of Cash Collateral, and the files and records herein.

IT IS HEREBY ORDERED:

1. Subject to the provisions of this Order, the Debtor is authorized to use cash collateral.

2. For purposes of adequate protection, and only to the extent of cash collateral used, the Debtor is authorized to grant any creditor having an interest in cash collateral a replacement lien in the Debtor's post-petition assets of the same type and nature as subject to the pre-petition liens. Such liens shall have the same priority and effect as the such lien creditors held on the pre-petition property of the Debtor, and are granted only to the extent of the diminution in value of such creditors' interest in pre-petition collateral.

3. As additional adequate protection, Debtor shall (a) maintain insurance on all of the property in which any secured creditor having a lien in Cash Collateral (and all other secured creditors) claims a security interest; (b) pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (c) provide the Secured Creditors (upon reasonable notice) access during normal business hours for inspection of their collateral and the Debtor's business records; and (d) deposit all cash proceeds and income into a Debtor in Possession Account ("DIP" account). Debtor is authorized, but not required, to pay, on a monthly basis, to MidwestOne Bank (the "Bank") an amount equal to the accrued interest on its loan to the Debtor, as an adequate protection payment.

4. Default by Debtor under this Order shall not entitle any creditor affected by this Order to a lift of stay unless, upon proper filing and notice of a lift stay motion, such secured creditor can prove (a) there has been an actual material breach of this Order, causing such

1

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *07/26/2016*
Lori Vosejpka, Clerk, by JRS

secured creditor substantial prejudice or damage, (b) that prior to the motion, such secured creditor gave written notice to the Debtor and Debtor's counsel of the alleged breach and that the Debtor failed to cure the same within the (10) business days after receiving such notice (the "Cure Period").

5. The Debtor may defend any such motion and waives no rights at law or in equity.

6. The replacement liens of the secured creditors are deemed properly perfected without any further act or deed on the part of the Debtor or the creditor.

7. Entry of this order is without prejudice to the rights of any party-in-interest to dispute the validity, priority and effect of any security interest granted to any creditor claiming an interest in cash collateral or to seek to change or modify the terms of this Order.

Dated: July 26, 2016

/e/ William J. Fisher
William J. Fisher
United States Bankruptcy Judge